```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS EMPLOYERS -                    CIVIL ACTION
INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION PENSION FUND

VERSUS                                     NO: 07-2840

BRUCE S. WALLE                             SECTION: J(2)
```

### ORDER AND REASONS

Before the Court is Plaintiff's **Motion for Summary Judgment (Rec. Doc. 16).** Plaintiff seeks summary judgment against Defendant, Bruce Walle, to collect interim payments of his withdrawal liability pending arbitration pursuant to 29 U.S.C. 1401(d) and 29 U.S.C. 1399(c)(2).

This motion, which is opposed, was set for hearing on April 16, 2008 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Plaintiff's motion should be granted.

### Background Facts

The present action is brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") (as amended by

the Multiemployer Pension Plan Amendments act of 1980), 29 U.S.C. 1381, et seq. ("MPPAA").

On May 11, 2007, Plaintiff[1] sued Walle[2] to collect withdrawal liability under the MPPAA.[3]  Under ERISA, an employer that withdraws from a multiemployer pension plan will be liable to the plan for "the allocable amount of unfunded vested benefits."  29 U.S.C. 1381(b)(1).  Plaintiff's argument is that during the Plan Year ending September 30, 2005, Walle permanently ceased all contributions to the Fund and permanently ceased all operations, resulting in his withdrawal.[4]

---

[1] Plaintiff is a multiemployer plan within the meaning of ERISA sections 3(37) and 4001(a)(3), 29 U.S.C. 1002(37) and 1301(a)(3), and was created and is maintained for the purpose of collecting and receiving contributions and providing pension benefits and other benefits to eligible participants.  The Funds were jointly established by employers to benefit the employees of participating employers and by the labor organizations representing the individuals working in the longshore industry in the Ports of New Orleans and Baton Rouge.

[2] Walle maintained a business in New Orleans, Louisiana, and was obligated to pay contributions to Plaintiff Fund beginning April 1, 1999 on behalf of employees covered by a series of collective bargaining agreements to which Walle was a party.

[3] Withdrawal liability is the amount owed a pension plan when an employer reduces or ceases his contributions prior to fully funding the liabilities of the plan attributable to the employer.  29 U.S.C. 1383, 1385.

[4] Walle ceased contributing to the Fund once he applied for early retirement by submitting a pension application to the Fund.  Because he was the only employee for whom Walle submitted contributions, his application, according to Plaintiff, served as notice that he was withdrawing from the Fund.

Plaintiff calculated that Walle's withdrawal liability was $78,006 pursuant to 29 U.S.C. 1391, et seq. Plaintiff informed Walle via letter than he could amortize payments in 25 consecutive quarterly installments of $3,679 per quarter, starting December 19, 2006. Walle failed to make the initial quarterly payment, and has in fact made no payments to date, allowing Plaintiff to accelerate the total amount due pursuant to section 4221(b)(1). Soon thereafter, Walle requested arbitration as to, among other things, his withdrawal liability. On May 11, 2007, Plaintiff filed a complaint against Walle to collect withdrawal liability.

## Discussion

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

In support of its motion, Plaintiff argues that ERISA requires Walle to make interim payments of his withdrawal

liability pending arbitration pursuant to 29 U.S.C. 1401(d) and 29 U.S.C. 1399(c)(2).  Section 1401(d) provides in pertinent part:

> (d)  Payments by employer prior and subsequent to determination by arbitrator; adjustments; failure of employer to make payments
>
> Payments shall be made by an employer in accordance with the determinations made under this part until the arbitrator issues a final decision with respect to the determination submitted for arbitration, with any necessary adjustments in subsequent payments for overpayments or underpayments arising out of the decision of the arbitrator with respect to the determination.  If the employer fails to make timely payment in accordance with such final decision, the employer shall be treated as being delinquent in the making of a contribution required under the plan (within the meaning of section 515 [29 U.S.C. § 1145]).

Section 1399(c)(2) provides:

> (c) Payment requirements; amount, etc.
>
>    . . . .
>
> (2)  Withdrawal liability shall be payable in accordance with the schedule set forth by the plan sponsor under subsection (b)(1) of this section beginning no later than 60 days after the date of the demand <u>notwithstanding any request for review or appeal of determinations of such liability or of the schedule.</u>

(emphasis added).

As such, Plaintiff argues that pursuant to sections 1401(d) and 1399(c)(2), an employer must make payments in accordance with the applicable payment schedule, even though the employer has disputed the withdrawal liability claim, until the arbitrator makes a final decision with respect to the dispute.  Therefore,

4

it is of no moment that Walle contests the withdrawal liability payments; he is still obligated to pay.

In opposition, Walle contests any obligation he has to make withdrawal liability payments.  Walle argues that he has not withdrawn from the Fund; he merely filed for an early retirement with the Union as a Union employee when faced with the destruction of his business caused by Hurricane Katrina.  He argues that the determinative factors governing withdrawal as set forth in sections 4203(a) and (d) do not result in a finding of withdrawal.

In reply, Plaintiff points out that the issues Walle raises are issues that must be arbitrated.  As such, they are not properly before this Court.  As the plain language of ERISA states, arbitration is the sole remedy for disputes as to whether a withdrawal has occurred or the amount of withdrawal liability.[5]  And as the plain language of section 1401(d) states, "[p]ayments shall be made by an employer in accordance with the determinations made under this part until the arbitrator issues a final decision with respect to the determination submitted for

---

[5] See 29 U.S.C. 1401 which states that "[a]ny dispute between an employer and the plan sponsor of a multiemployer plan concerning a determination made under sections 1381 through 1399 of this chapter shall be resolved through arbitration."  Sections 1382 through 1385 concern the determination of whether a withdrawal has occurred, so this issue is subject to arbitration.  Section 1391 provides the method for computing withdrawal liability, so this issue is also subject to arbitration.

arbitration."  Furthermore, even if the issues raised by Walle were before the Court, Plaintiff argues that these issues have no merit.

Based on the plain language of the applicable statutes, this Court determines that Walle must make interim payments while arbitration is pending.[6]  The arguments Walle asserts are properly presented to an arbitrator charged with the authority to review the assessment to the withdrawal liability rather than to this Court.  Walle is not completely without remedy, however, as section 1401(d) provides that if Walle's arguments succeed during arbitration, any amounts he may have overpaid or paid in error will be returned to him.  See 29 U.S.C. 1401(d) ("Payments shall

---

[6] This Court does have some discretion to excuse Walle from making interim withdrawal liability payments while arbitration is pending.  In Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Mar-Len, Inc., 30 F.3d 621, 626 (5th Cir. 1994), the Fifth Circuit explained:

> [A] reviewing court merely determines whether the pension plan's claim is nonfrivolous and colorable. If the claim for withdrawal liability is colorable, the employer must make interim payments while it contests the underlying liability.  If, on the other hand, the claim is frivolous or not colorable, the district court has the narrow measure of discretion to excuse the employer from making interim withdrawal liability payments.

Based on the arguments presented, this Court determines that Plaintiff's claim is not "frivolous" and is "colorable."  Any more of a determination as to the merits of the underlying dispute concerning withdrawal liability by this Court would "encroach[] on territory that properly [is] controlled by the arbitrator."  Id. at 626.

be made by an employer in accordance with the determinations made under this part until the arbitrator issues a final decision with respect to the determination submitted for arbitration, with any necessary adjustments in subsequent payments for overpayments or underpayments arising out of the decision of the arbitrator with respect to the determination."). Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for Summary Judgment (Rec. Doc. 16)** is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that the parties' **Joint Motion to Stay Trial Date and Pretrial Deadlines (Rec. Doc. 40)** is hereby **DENIED** as moot.

New Orleans, Louisiana, this 27th day of May, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE